UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS W.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:22-cv-05541-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). The original applications for benefits were filed January 3, 2019. AR 215, 225. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2.  Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

Plaintiff alleged a disability onset date of November 7, 2005. AR 1372. Plaintiff asserted this disability onset date based on his attempted suicide after four family members died that year. AR 1373. After a hearing on June 29, 2021, ALJ Michaelsen found plaintiff was not disabled, and issued a written decision on July 20, 2021. AR 12-40, 1365-1395.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

Plaintiff contends the ALJ failed to properly assess plaintiff's Residual Functional Capacity (RFC). Dkt. 12, Opening Brief, at 4. In the alternative, plaintiff argues the ALJ failed to ask the necessary hypothetical questions of the Vocational Expert (V.E.) and the jobs identified at step five were therefore not consistent with the RFC. Dkt. 12, at 5. Plaintiff alleges the ALJ's errors stem from the ALJ's review of the opinions of State Agency Psychological Consultants, Dr. Boyd and Dr. Janssen. Dkt. 12 at 4, citing, AR 52, 67, 90, 108.

The Commissioner asserts the ALJ recognized and addressed the apparent conflict between the restriction – opined by Dr. Boyd and Dr. Janssen, that plaintiff would be able to complete to simple one- to two-step tasks – and jobs that the Vocational Expert

(VE) proposed at GED Reasoning Level two, and therefore complied with the Ninth Circuit precedent in *Rounds v. Commissioner Social Security Administration,* 807 F.3d 996 (9th Cir. 2015). Dkt. 14, Defendant's Brief, at 2.

At step two, the ALJ determined that plaintiff suffered from no severe impairments prior to the date last insured, concerning the DIB application. AR 18, 21. Regarding the SSI application, the ALJ found plaintiff suffered from the following severe impairments: arthritis, degenerative disc disease, obesity, depression, and anxiety. AR 18, 21.

In this case, the ALJ found the opinions of Dr. Boyd (AR 51-53) and Dr. Janssen (AR 107-109) concerning plaintiff's limitations relating to mental health conditions to be persuasive. AR 31. The ALJ determined: "DDS mental evaluators opined that the claimant could carry out and maintain concentration/persistence/pace for simple, 1-2 step tasks. . . .This is persuasive for the Title XVI period." *Id.* Dr. Boyd and Dr. Janssen each specifically stated (AR 52, 108) that plaintiff "would be unable to maintain c/p/p for more complex tasks d/t sx."

As plaintiff points out, "a limitation to 1-2 step tasks is consistent with a limitation to Reasoning Level 1." Dkt. 15, Reply Brief, at 3. Yet, at step five of the analysis, the ALJ did not question the Vocational Expert about whether Reasoning Level two jobs would be appropriate at step five – and failed to include in the question to the V.E. any request for an explanation of how Reasoning Level two jobs could be accomplished by plaintiff, given that plaintiff had been found to have capacity to handle only one- to two-step tasks.

During the administrative hearing, the ALJ asked the Vocational Expert, Richard Hincks, "would you please make sure that these jobs all have a reasoning level of one or two", when VE Hincks provided the ALJ with jobs that plaintiff would be capable of performing, at step five. AR 1389. The VE proposed the following jobs: hand packager-inspector, laundry sorter, and pricer/marker. AR 1389-1390. The VE testified that all three of these jobs are assigned an SVP of reasoning level two. *Id.*

To the extent that an ALJ accepts a physician's opinion, they must generally incorporate the limitations contained in that opinion into the RFC. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989); Social Security Ruling ("SSR") 96-8p (A residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Here, in assessing plaintiff's RFC, the ALJ found that plaintiff was limited to understanding and carrying out "simple, 1 to 2 step tasks with no more than occasional contact with the general public". AR 20.

The ALJ in this case incorporated into the RFC Dr. Boyd's and Dr. Janssen's opinions that plaintiff was limited to performing jobs with simple one- to two-step instructions and tasks, yet the jobs the ALJ included at step five were not jobs that would match with this limitation.

The General Education Development ("GED") metric, utilized by the Social Security Administration, distinguishes between jobs that involve understanding and carrying out simple one- or two-step instructions and jobs requiring more complex reasoning. The GED assesses three broad areas of educational development -

4

reasoning, mathematics, and language, and the GED levels include the reasoning ability required to perform a given job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most). *See* DOT, App. C, § III (4th Ed. Rev. 1991); 1991 WL 688702.

Level one reasoning requires an individual to apply "commonsense understanding to carry out simple one- or two-step instructions". By contrast, **level two reasoning requires the application of commonsense understanding to carry out "detailed but uninvolved written or oral instructions."** *Id.*; *see Rounds,* 807 F.3d at 1003-1004.

All the jobs cited by the ALJ at step five of the sequential evaluation – marker, laundry sorter, and hand packager-inspector – require level two reasoning. AR 33. The Ninth Circuit has held that there is an apparent conflict between a limitation to performing one- and two-step tasks and the demands of GED level two reasoning, finding that only tasks with more than one or two steps would require "detailed" instructions. *Rounds*, 807 F.3d at 1003.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). In the instant case, the error was harmful under *Rounds* at 1004; *see also, Zavalin v. Colvin,* 778 F.3d 842, 845-848 (9th Cir. 2015). Although the ALJ included the limitations opined by Dr. Boyd and Dr. Janssen, the ALJ did not identify any jobs that would be a match with those limitations, at step five of the sequential process. This was legal error and consequential to the ALJ's non-disability decision, because the ALJ did not fulfill the Commissioner's burden of proof at step five of the sequential analysis, to identify

particular jobs plaintiff would be able to perform despite their limitations, that exist in the national economy in substantial numbers. *Zavalin,* 778 F.3d at 845.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts. Therefore, this matter should be reversed for further administrative proceedings.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. The Commissioner is directed to conduct another hearing, take additional evidence as necessary, and conduct the inquiry under the five-step review process to determine whether plaintiff meets the criteria for disability.

Dated this 12th day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge